UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**TERESA L WHITNEY**,

Debtor.

Case No. **04-62483-13**

*MEMORANDUM of DECISION*

At Butte in said District this 7th day of June, 2007.

Pending in this Chapter 13 bankruptcy is Debtor's Motion for Discharge Following Full Payment of Plan filed May 3, 2007. A hearing on the contested matter was held, after due notice, in Butte on June 5, 2007. Attorney R. Clifton Caughron of Helena, Montana appeared at the hearing on behalf of Debtor, and Debtor Teresa Whitney testified. The Chapter 13 Trustee, Robert G. Drummond, appeared at the hearing in opposition to Debtor's Motion. Debtor's Exhibit A and the Trustee's Exhibits 2 and 3 were admitted into evidence without objection. At the conclusion of the hearing, the Court deemed the record closed and took the matter under advisement. This Memorandum of Decision sets forth the Court's findings of fact and conclusions of law and for the reasons stated herein, the Court, by separate order, will deny Debtor's Motion.

Debtor filed a voluntary Chapter 13 bankruptcy petition on August 10, 2004, thereby commencing this case. Debtor's Amended Chapter 13 Plan filed October 8, 2004, provides in pertinent part:

    1.    The future projected earnings and other income of the Debtors [sic] is submitted to the supervision and control of the Court, and the Debtors [sic] shall pay the Trustee pursuant to the following schedule:

1

>   $75.00 per month for 60 months.
>   Total Plan Payments: $4,500.00

It is contemplated that this plan will take 60 months to complete.

\* \* \*

5.  The Debtors [sic] will commit all projected disposable income to payments under the Plan and shall report any changes in income to the Trustee as required by 11 USC § 1325(b)(2)(B).

Debtor's Amended Chapter 13 Plan filed October 8, 2004, was confirmed by Order entered October 18, 2004.

Debtor has filed the instant Motion asserting the following facts:

> 3. The Trustee's Interim Statement dated April 19, 2007, (See Exhibit A) shows that the Debtor had made actual payments totaling $3,858.00 as of that date.
>
> 4. The Debtor's confirmed Plan provides for payments totaling $4500.00. No post confirmation modification of that Plan has been sought or approved.
>
> 5. On April 25, 2007, the Debtor paid the Trustee $632.00, bringing her total plan payments to $4500.00 (See Exhibit B).

The Trustee, while not disputing the above facts, counters:

> 2. The Debtor is operating under the terms of a 60-month Plan. She has completed 34 months of that plan.
>
> 3. This Plan was based upon the Debtor's projected income including "projected tax refunds" in the amount of $250.00. Paragraph 5 of the Debtor's Plan states:
>
>> The Debtors will commit all projected disposable income to payments under the Plan and shall report any changes in income to the Trustee as required by 11 U.S.C. § 1325(b)(2)(B).
>
> 4. The Debtor made additional payments under paragraph 5 of her plan which were the amounts over and above the Debtor's projected tax refunds. The tax refunds have been applied as an additional payment as required by paragraph 5 of the Debtor's plan.
>
> 5. The Debtor's Motion for Discharge is a dishonest attempt to trick the

Court into ignoring paragraph 5 of the Debtor's Plan which required her to commit the additional disposable income to fund the Plan.

      6. The Debtor has not "completed the payments" under her Plan.

      7. The Debtor misrepresented her obligations under the Plan by stating that she has completed her payments.

      8. The Debtor's attorney attempted this same tactic in the case of Gary and Kelly Pearson, Case No. 02-22285-13 (Docket No. 47). There, the relief was denied in part and granted in part. It was granted in part because of subsequent payments received by the Trustee. In that case, the Court entered an Order (Docket No. 57) which stated:

> The Court agrees with the Trustee that Debtors' argument is backwards and ignores paragraph 5 of the Debtors' confirmed Chapter 13 plan. Any sum of money that Debtors receive in excess of their total projected monthly expenses of $4,973.57 is disposable income and under paragraph 5 of their confirmed plan, Debtors are obligated to pay such amounts to the Trustee. Debtors' counsel should be fully aware that an order approving a plan is binding on all parties, including debtors, trustees and creditors. *See* 11 U.S.C. § 1327(a); *Trulis v. Barton*, 107 F.3d 685, 691 (9$_{th}$ Cir. 1995) ("Once a bankruptcy plan is confirmed, it is binding on all parties and questions that could have been raised pertaining to the plan are entitled to res judicata effect.") *In re Brothers*, 12 Mont. B.R. 106, 111 (D.Mont. 1993) ("[T]he reorganization plan binds both the debtor and all creditors covered by the plan and is, in essence, a new and binding contract between the debtors and creditors, the terms and conditions of which must be enforced by the bankruptcy court."). Debtors simply must be held accountable for the terms of their own plans and should not expect that creditors, the trustee or the court will police each and every aspect of the debtors' plan to ensure that the plan comports with the debtors' intent. *See In re Pardee*, 218 B.R. 916, 926 (9th Cir. BAP 1998).

At the hearing, Debtor testified that she had anticipated that her income tax refunds for any given year would be $3,000.00. The foregoing amount appears on Debtor's Schedule I as projected monthly income.[1] However, Debtor's federal and state tax refunds for the tax year

---

[1] On Schedule I, Debtor disclosed that her monthly payroll deductions for payroll taxes and social security are $162.35. Also on Schedule I, Debtor lists $250.00 per month under "other monthly income". Debtor must, therefore, be receiving some type of tax credit. Nevertheless, absent the projected tax refunds of $250.00 per month, and absent a monthly contribution to the household by "George" of $1,402.00 per month, Debtor would not be able to fund a Chapter 13

3

ending December 31, 2004, totaled $4,468.00. Thus, in addition to her normal monthly payments of $75.00, Debtor paid the Trustee an additional $1,468.00 in March of 2005. The additional payment of $1,468.00 that Debtor made to the Trustee represents the difference between Debtor's actual tax refunds for 2004 and the amount estimated by Debtor on Schedule I.

Debtor subsequently received an Interim Statement from the Trustee, which statement shows that Debtor had made payments to the Trustee totaling $3,868.00 as of April 19, 2007. In response to the Trustee's Interim Statement, Debtor then sent the Trustee a check in the sum of $632.00 on April 20, 2007, which amount Debtor now contends pays her Chapter 13 Plan in full. The $632.00 payment is supposedly Debtor's excess income tax refunds for the tax year ending December 31, 2006.

Based upon the foregoing facts, Debtor's counsel argues that Debtor projected her income over a period of 60 months to total $4,500.00 and because Debtor has now paid the Trustee $4,500.00, she has completed her Chapter 13 Plan, and need not make any additional payments. Counsel's argument is premised on his belief that under paragraph 5 of Debtor's confirmed Chapter 13 Plan, Debtor is only required to commit her *projected* disposable income to the Plan, which at the time of confirmation was calculated by Debtor to be $4,500.00.

Debtor's counsel also disagrees with the Trustee's reliance on this Court's prior ruling in *In re Pearson*, Case No. 02-22285. Counsel for Debtor argues that this case is factually distinguishable from *Pearson* because in *Pearson*, paragraph 5 of the debtors' confirmed plan provided that debtors would "commit all disposable income to payments under the Plan" whereas in this case, Debtor's confirmed Plan provides that Debtor will "commit all *projected* disposable

---

plan.

4

income to payments under the Plan".

While the Court agrees that paragraph 5 of Debtor's confirmed Plan references "projected disposable income" as opposed to the reference to "disposable income" in paragraph 5 of the plan in *Pearson*, counsel fails to give any consideration to paragraph 1 of Debtor's confirmed Plan that provides that the "future projected earnings and *other income* of the Debtors [sic] is submitted to the supervision and control of the Court" for a period of 60 months." While paragraph 1 and 5 of Debtor's Chapter 13 Plan are arguably not inconsistent, it is quite apparent that paragraph 1 encompasses not only Debtor's projected disposable income as referenced in paragraph 5, but also includes other income.

As explained by the United States District Court for the District of Montana in *In re Brothers*, 12 Mont. B.R. 106, 111 (D.Mont. 1993), a "reorganization plan binds both the debtor and all creditors covered by the plan and is, in essence, a new and binding contract between the debtors and creditors, the terms and conditions of which must be enforced by the bankruptcy court." The District Court in *Brown* also noted that any ambiguity in a plan should properly be construed against the debtors. *Brothers*, 12 Mont. B.R. at 112. Given the rule of construction set forth in *Brothers*, and the ambiguity created by the "other income" language in paragraph 1 that does not appear in paragraph 5, the Court finds, without ruling on whether the pre-BAPCPA term "projected disposable income" encompasses income tax refunds, that Debtor's confirmed Chapter 13 Plan provides that Debtor will contribute all "other income" to her Plan for a period of 60 months.

As noted above, under 11 U.S.C. § 1327(a), a debtor is bound by the provisions of his or her confirmed plan. As articulated by the Court in *In re Diviney*, 211 B.R. 951, 963-64 (Bankr. N.D.Okl. 1997):

5

> An order confirming a Chapter 13 plan is *res judicata* as to all justiciable issues which were or could have been decided at the confirmation hearing. [citation omitted]

*Id*.  In the present case, Debtor agreed to pay the Trustee, under paragraph 1 of her Chapter 13 Plan, all "future projected earnings and other income".  Per Schedules I and J, Debtor projected her future earnings as $75.00 per month, which amount Debtor agreed to pay to the Trustee.  However, Debtor also agreed to contribute all her "other income" to her Chapter 13 Plan for a period of 60 months.  Other income would necessarily include income tax refunds, as Debtor did include the amount of $250.00 in Schedule I.

The Court would note that this case is distinguishable from those instances where debtors sell or refinance an exempt asset, such as the debtors' home, and then utilize the proceeds to payoff their Chapter 13 plan.  Unlike a homestead, income tax refunds are not protected under Montana's exemption laws.  Moreover, in those instances where debtors sell their home and utilize the proceeds to payoff their plans, the debtors always file a motion for early payoff of their plan.  The Debtor in this case has not filed a motion seeking authorization to payoff her Chapter 13 Plan early.  Therefore, the Court will enter a separate order as follows:

IT IS ORDERED that Debtor's Motion for Discharge Following Full Payment of Plan filed May 3, 2007, is DENIED.

BY THE COURT

/s/ Ralph B. Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana

6